U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2021 OCT 18 P 1: 48

DEPUTY CLERK

(No jury trial,
No oral argument on submission)

# UNITED STATES DISTRICT COURT

## District of Maine

Lorraine Saint Pierre
Plaintiff

against

NFG Housing Partners LP,
Preservation Management Inc.
Defendant

*[signature: L Saint Pierre]*

Lorraine Saint Pierre
147 Allen Ave., #14
Portland ME  04103
Tel: 212.348.1356
luhren@gmail.com

Stephanie Albert, Esq.
Barns, Greenfield and Thornton, LLC
8 Fundy Roa
Falmouth ME 04105
Tel: 207.781.7877
salbert@bgt-law.com

1

## NOTICE OF APPEAL

1.  This is an appeal from Maine Human Rights Commission decision on Sectember 22, 2021, in the case Of Lorraine Saint Pierre V. NFG Housing Partners LP and Preservation Management Inc., Complaint, # H21-0132AB. (Original Complaint and Commission decision/final agency action is attached.)

2.  This Court is authorized to hear Plaintiff's dispute as she resides in Department of Housing and Urban Development (HUD) federally subsidized housing. Hence she is afforded protection of federal laws, rules and regulations governing her person, home and property.

3.  On April 11, 2021 Plaintiff Lorraine Saint Pierre filed a complaint with the Maine Human Rights Commission asserting that she was being discriminated against in housing by Landlord, NFG Housing Partners LP (henceforth NFG or Landlord) and its agent Preservation Inc. (Agent or PMI) for her hearing disability: PMI used her disability to harass and maltreat Plaintiff, and Landlord, made aware of it, did not innterfere. There is her allergy-to-mold disability: Landlord and Agent denied the pervasiveness of, and refused to eradicate the mold problem in the building and grounds at 147 Allen Avenue in Portland where Plaintiff's apartment is located; Defendants retaliated against her because she filed a case in state court seeking an injunction to prevent them from removing a gazebo she had been given written permission to install in the yard facing her apartment, (CD. 19-386, Saint Pierre v. Preservation Mgmt., still pending.) This retaliation involved the attempt to evict her from her home, which failed. In midst of eviction, Saint Pierre sought to remove the case to this very court in the action, NFG Housing Partners LP v. Lorraine Saint Pierre 2:20-

cv-00421- GZS. In its remand of the eviction case the Court notes that Respondent "Saint Pierre entered a pro se appearance and responded in relevant part (emphasis added) that the Department of Housing and Urban Renewable, [sic] HUD" was a third party to the lease and in fact the "principal obligor" (emphasis added by court, quoting from Respondent's brief.) Much evidence was submitted in Respondent's Removal that bear directly on the present case.

4. Plaintiff will, in her brief for this appeal, set forth the facts and evidence of the claims listed below and for which she seeks relief:

5. Freedom from discrimination, physical disability 5 § 4581-A 1.E , 42 USC § 12101:

Plaintiff is severely hearing impaired. This disability is used by Defendant to harass and oppress her. She asked PMI to provide her reasonable accommodation to alleviate noise complaints; it was refused for no legimate reason.

6. Enforcement of the Warranty of Habitability Title 14, §6021.

> 42 U.S.C. §§ 3601-19. Executive Order 12898, issued on February 11, 1994, requires that each federal agency conduct its program, policies, and activities that substantially affect human health or the environment in a manner that does not exclude subject persons to discrimination.

A sizeable section of the yard facing Plaintiff's home has standing water for at least half of the year. The building rests on slab and water seeps in creating mold to which Plaintiff is allergic. Defendants have been told of this problem with supporting sttatements by Maine Medical Hospital Emergency Room doctor and Plaintiff's personal doctor to no avail.

7. Prohibition against retaliation or coercion 4633.1.,

3

42 US Code § 12203.

Once Plaintiff filed suit to keep the gazebo in the yard as she was given permission to, and then had that permission rescinded, her property was seized and has yet to be returned. Tenants were inveigled by Agent to report on her. She was subjected to harassment, bogus complaints were lodged against her.

8. Interference and intimidation 4633.2,
   42 USC § 3617

   Plaintiff as well as other tenants is not vouchsafed her rights according to Federal rules and regulations governing her lease. Rather tenants are encouraged and rewarded with special favors for reporting on each other. This creates a hellish atmosphere of distrust, bad feelings, wariness of neighbors.

9. HUD Occupancy Handbook: Required attachments (to lease) page 417, line D,:
   *House Rules, if such rules have been developed by the owner*
   HOUSE RULES, Overview, page 428, section 2.:
   *The decision about whether to develop house rules for a property rests solely with the owner.*
   Section 3 of the overview, page 428, emphasizes that: *House rules are listed in the lease as an attachment to the lease. It is important, however, to recognize that House Rules do not replace the lease.*

10. TITLE 5, §4581-A. Unlawful housing discrimination

    42 U.S. Code § 3604 - Discrimination in the sale or rental of housing

    As stated above, Tenants are not treated equitably, but are rewarded or punished according to the information and favors they have provided, or not, to management. This system is pervasive and obvious. Plaintiff is subject to discrimination because she abjures this improper favoritism.

There are no rules formulated by Landlord as mandated by HUD, and Agent is given dictatorial powers over tenants, a vulnerable population they have no contractual obligations to, and to which they owe no allegiance. Their function is to serve Landlord, and in that capacity, they are given a free hand. Both Defendant corporations failed to oversee their compliance with human rights obligations.

10.   Relief:

a. That Defendants agree to to provide equitable housing services or facilities per Fair Housing Act; to cease and desist from unlawful practices.

b. That Defendants provide reasonable accommodation, insulating wall between Plaintiff's unit and that of neighoring unit 12.

c. As advised by PMI's own Mark Coleman of ESHA, Environmental Safety & Hygiene Associates, PMI is to remove the apartment's inlaid carpeting and seal the floor underneath to prevent mold spores from coming up into Plaintiff's apartment.

d. Plaintiff seeks reimbursement for the 3 air purifiers and 1 dehumidifier in the amount o $650.85 that she purchased to alleviate mold contamination.

e. Plaintiff seeks to have Defendants return seized property from her gazebo and or make good what is missing or damaged:
  Flooring of gazebo,
  Tools: Hand Cultivator, Trowel, Transplanter, Pruner, Grass clippers, Garden gloves.
  Furniture: wooden bench and matching chair, 2 white plastic chairs, red coffee table.
  2 blue storage bins, 1 grey storage bin.
  50 lb. bag top soil
  Fertilizer
  2 dozen bricks, 4 concrete blocks, stones, a dozen square tiles
  Outdoor temperature thermometer
  Green cording, 8 clips to hold down gazebo's canvass top
  4 cushions for chairs

floor mat, house keys
seeds, straw basket
Trash can

f. Defendants agreed to allow Plaintiff's gazebo in the curtilage of her home. The open-ended written permission per lease terms, with no conditions or limitations by Landlord's Agent. Permission granted to be honored and Plaintiff allowed to reinstall the gazebo without fear of it being dismantled by Defendants.

g. Resident Services Coordinator Wendy Akerlind, mandated to provide services to residents, may not use her office to keep secret files on tenants, to manipulate them, pitting them against each other, impose illegitimate rules, harass and punish those who refuse to be manipulated.

h. That Defendants revise its policies and train relevant employees on the requirements of antidiscrimination policies, procedures, and the Department of Housing and Urban Development's rules and regulations governing HUD subsidized porperties.

i. Training is best accompanied by imposing substantial compensatory and punitive damages that serve as a strong deterrent to costly abusive, discriminatory and harassing behavior. Plaintiff has endured much abuse and hardship for the past 2 and a half years, in and out of courts, threatened, abused and maltreated, denied the yard for two summers while others had no such restrictions.
Pro se Plaintiff, with sparse knowledge of the appropriate damages relevant in the case presented, leaves it to the Court to adjudicate the matter. Suffice it to say that Defendants have placed a higher value on the accumulation of capital then on the welfare of the senior residents in their charge. That imbalance must be corrected.

j. And lastly, Plaintiff seeks to have placed in every building lobby adjacent to resident mail boxes at Northfield Green a notice of HUD rules and tenant rights (see attached.)

## CONCLUSION

The Maine Human Rights Commission's decision dismissing Plaintiff's federal claim under the unlawful discrimination provision of the Fair Housing Act should be reversed. The Commission's decision dismissing Saint Pierre's state law claims should be reversed.

### Defendants in their official capacity:

Preservation Management Inc.
Christine Jenkinson, President
261 Gorham Road
South Portland ME 04106
Tel: 207 774 0501
Regional Vice-President (kris.landry@presmgmt.com)

NFG Housing Partners, LP
Kyra Walker, COO

One City Center, 4th fl
Portland ME 04101
Tel: 207 879 0347
kyra@chomhousing.org

Defendant Attorney
Stephanie Albert, Esq
Barns, Greenfield and Thornton LLC,
8 Fundy Road
Falmouth ME 04105
Tel:207 781 7677
salbert@bgt-law.com


Dated: October 18, 2021


Respectfully submitted,

*[signature]*

Lorraine Saint Pierre
147 Allen Ave., #14
Portland, ME 04103
212.348.1356
luhren@gmaail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE, PORTLAND

Cumberland County

---------------------------------------------x

Lorraine Saint Pierre

       Plaintiff

v.                                                                Case # _____

NFG Housing Partners, LP and

Preservation Management Inc.

       Defendants

---------------------------------------------x

## CERTIFICATE OF SERVICE

I, Lorraine Saint Pierre, representing myself that on this day, October 14, 2021, I served a copy of the foregoing on the opposite side by mailing a copy thereof to:

Defendants' Attorney:
Stephanie Albert, Esq., Barnes, Greenfield and Thornton LLC, 8 Fundy Rd. Falmouth ME 04105

Oct 15, 2021

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE, PORTLAND

Cumberland County

-------------------------------------------------x

Lorraine Saint Pierre

       Plaintiff

v.                                                   Case # _____

NFG Housing Partners, LP and

Preservation Management Inc.

       Defendants

-------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Lorraine Saint Pierre, representing myself that on this day, October 14, 2021, I served a copy of the foregoing on the opposite side by mailing a copy thereof to:

NFG Housing Partners LP, Kyra Walker, One City Center, 4th fl, Portland ME 04101

Preservation Management Inc., Christine Jenkinson, 261 Gorham Rd., South Portland ME04106

Stephanie Albert, Esq., Barnes, Greenfield and Thornton LLC, 8 Fundy Rd. Falmouth ME 04105

_L. Saint Pierre_                                                _Oct 14, 2021_