UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LORRAINE SAINT PIERRE, | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) ) | No. 2:21-cv-00300-GZS |
| NFG HOUSING PARTNERS LP et al. | ) ) ) | |
| *Defendants* | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e) AND ORDER RE: PENDING MOTIONS**

In this action, the plaintiff asserts a number of claims against her landlord and its property management company. *See* Complaint (ECF No. 1). Having granted the plaintiff's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), her complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the court permit the plaintiff to proceed with her claims of disability discrimination and retaliation pursuant to state and federal fair housing laws but dismiss the remainder of her claims. I also strike the plaintiff's motion for summary judgment (ECF No. 10) and her supporting brief (ECF No. 11) for failing to comply with Local Rule 56(h), and stay the briefing on her motion for supplemental jurisdiction (ECF No. 9) until the court acts on this recommended decision.

**I. Applicable Legal Standard**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if

the court determines[,]" among other things, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although an unrepresented plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted,

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

## II. Factual Background

So read, the plaintiff's complaint alleges the following facts.[2] The plaintiff is a tenant at Northfield Green, a subsidized housing complex for seniors, and she holds a lease with the property's owner, NFG Housing Partners LP. *See* Exh. 1 ("MHRC Brief") (ECF No. 1-1), attached to Complaint, at 1. Preservation Management, Inc., (PMI) provides property maintenance services at Northfield Green for NFG. *See id.*[3]

The plaintiff has a severe hearing disability and, as a result, she has received several noise complaints from her neighbor, with whom she shares a wall. *See* Complaint at 2-3; MHRC Brief at 3-4. To remedy the noise complaints, the plaintiff requested that the defendants blow insulation into the shared wall. *See* Complaint at 3; MHRC Brief at 3-4. However, the defendants denied her request. *See* Complaint at 3; MHRC Brief at 4. In addition to the noise issues, the plaintiff's

---

[2] In outlining the plaintiff's allegations, I have pulled some facts from the exhibits attached to her complaint. *See* Exhs. 1-3 (ECF Nos. 1-1 to 1-3), attached to Complaint; *Johnson v. Town of Weare*, Civil No. 12-cv-032-SM, 2012 WL 2450599, at *1 (D.N.H. June 4, 2012) (rec. dec., *aff'd* June 27, 2012) (considering the "four exhibits attached" to a *pro se* plaintiff's complaint while conducting a preliminary review pursuant to section 1915). Nevertheless, I have limited my review to the claims that the plaintiff asserts in her complaint even though one of her exhibits references several additional legal theories   *See* MHRC Brief at 6-7; *cf. Williams v. Gage*, Case No. C18-0218-JCC-MAT, 2018 WL 4608288, at *3 (W.D. Wash. Aug. 29, 2018) (rec. dec., *aff'd* Sept. 25, 2018) ("Although a court may review certain exhibits attached to a complaint when assessing the sufficiency of the allegations in the complaint, the Court is aware of no authority that requires searching through exhibits to discover claims that do not appear on the face of the complaint." (citations omitted)).

[3] For the sake of simplicity, and because PMI is, in the plaintiff's own words, NFG's "Agent," Complaint at 2, I refer to either or both of them as "the defendants" in my recitation of the plaintiff's allegations.

apartment has mold that aggravates what she describes as her "allergy-to-mold disability." Complaint at 2-3. The mold arises from standing water in the yard near the plaintiff's apartment. *See id.* at 3. This water seeps into the foundation of the apartment building, "creating mold" in the plaintiff's apartment. *Id.* The plaintiff has informed the defendants of this issue in writing and provided them with supporting statements from her doctors, but they have "refused to eradicate the mold problem." *Id.* at 2-3; *see* MHRC Brief at 6.

The defendants are aware of the plaintiff's disability and have "used [it] to harass and maltreat" her. Complaint at 2. For instance, the defendants granted the plaintiff permission to install a gazebo in the yard near her apartment but later revoked that permission and seized her property. *See id.* at 4. The defendants further retaliated against her when she filed suit "in state court seeking an injunction to prevent them from removing" the gazebo by unsuccessfully attempting to evict her based on, among other things, the noise complaints received about her. Complaint at 2; *see* MHRC Brief at 3.[4] They have also "inveigled" other tenants to file "bogus complaints" about her. Complaint at 4.

Based on the defendants' conduct, the plaintiff filed an administrative complaint against them with the Maine Human Rights Commission (MHRC). *See* Complaint at 2; Exh. 2, attached thereto; MHRC Brief. In September 2021, the MHRC dismissed her administrative complaint and noted that it had "not found reasonable grounds to believe that unlawful discrimination ha[d] occurred." Exh. 2, attached to Complaint. Thereafter, in October 2021, the plaintiff initiated the instant action. *See* Complaint at 1.

---

[4] The plaintiff removed NFG's forcible entry and detainer (FED) action to this court, but the matter was ultimately remanded to state court. *See NFG Housing Partners LP v. Saint Pierre*, Docket no. 2:20-cv-00421-GZS, 2021 WL 194907, at *1-4 (D. Me. Jan. 20, 2021). Although the plaintiff states that "much" of the "evidence" she submitted to this court in connection with the FED action "bear[s] directly" on this case, she does not specifically identify the evidence to which she is referring. Complaint at 3. Without being directed to a particular document, I will not endeavor to search through the pleadings in the other matter to find support for her complaint. *See Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007) (noting that judges must avoid becoming lawyers for unrepresented litigants).

4

### III.  Discussion

As an initial matter, although the plaintiff styles her initiating document as a "NOTICE OF APPEAL" from the MHRC's dismissal of her administrative complaint, I am liberally interpreting the document to be a civil complaint because it asserts several claims against the defendants and seeks relief beyond just the reversal of the MHRC dismissal.  Complaint at 1-7.  To the extent that the plaintiff actually seeks to appeal the MHRC's dismissal of her administrative complaint, Maine law does not permit such an appeal.  *See Tomer v. Me. Hum. Rights Comm'n*, 2008 ME 190, ¶ 14, 962 A.2d 335 (holding that an MHRC dismissal is not a final agency action subject to judicial review because the complainant still has the option to pursue her claims to the full extent allowed by law by filing a civil action in court).

Read liberally, the plaintiff's complaint alleges sufficient facts to support her claims of disability discrimination and retaliation pursuant to the federal Fair Housing Act and Maine's fair housing laws.  *See* Complaint at 2-4; *Donovan*, 276 F.3d at 94; 42 U.S.C. §§ 3604, 3617; 5 M.R.S.A. §§ 4581-A, 4582-A, 4633 (Westlaw through 2021 1st Special Sess.).

A liberal reading does not, however, save the plaintiff's remaining claims under the Americans with Disabilities Act (ADA), Maine's implied warranty of habitability statute, an executive order, and the HUD Occupancy Handbook.  *See* Complaint at 3-5; *Ferranti*, 618 F.2d at 890.

I turn first to the plaintiff's claims under the ADA.  *See* Complaint at 3-4 (citing 42 U.S.C. §§ 12101, 12203).  The ADA is divided into four subparts: "Title I prohibits discrimination against disabled persons in employment; Title II prohibits discrimination against disabled persons in public services furnished by governmental entities; Title III prohibits discrimination against disabled persons in public accommodations provided by private entities; and Title IV prohibits

5

retaliation and coercion against disabled persons who exercise their rights under the ADA." *Braggs v. Keith Realty Midtown/Corp. Overseer*, Civil Action No. 10-00058-WS-C, 2010 WL 2985591, at *5 (S.D. Ala. July 19, 2010) (rec. dec., *aff'd* July 26, 2010). It is clear from the plaintiff's allegations that the defendants are private corporations rather than governmental entities, *see* MHRC Brief at 1-2, and that her apartment complex does not fall within the definition of a public accommodation, *see Braggs*, 2010 WL 2985591, at *6 (noting that privately owned "residential facilities such as apartments and condominiums are *not* considered public accommodations" under the ADA (citations and internal quotation marks omitted)). Accordingly, the plaintiff's ADA claims fail because she has not demonstrated that the defendants are subject to requirements of the ADA.

Next is the plaintiff's claim under Maine's implied warranty of habitability statute. *See* Complaint at 3 (citing 14 M.R.S.A. § 6021 (Westlaw through 2021 1st Special Sess.)). The statute provides that in renting a dwelling, a "landlord shall be deemed to covenant and warrant that the dwelling unit is fit for human habitation." 14 M.R.S.A. § 6021(2) (Westlaw). If a condition exists that renders a rented dwelling unfit for human habitation, a tenant may file suit against her landlord. *See id.* § 6021(3). Among other things, a complaint alleging a breach of the implied warranty of habitability "*shall* state that" the tenant gave written notice to her landlord of the condition and that she "was current in rental payments owing to the landlord at the time written notice was given." *Id.* § 6021(3)(C), (E) (emphasis added). Although the plaintiff alleges that she notified the defendants in writing of a mold problem in her apartment, she does not state that she was current in her rental payments at the time she gave that notice. *See* Complaint at 3; MHRC Brief at 6. As such, she fails to state a claim under the statute.

The plaintiff also references an executive order in her complaint. *See* Complaint at 3 (citing Exec. Order No. 12,898, 59 Fed. Reg. 7629 (Feb. 11, 1994)). That executive order, however, explicitly states that it "shall not be construed to create any right to judicial review involving the compliance or noncompliance of the United States, its agencies, its officers, or any other person with [the] order." Exec. Order No. 12,898, 59 Fed. Reg. 7629, 7632. Thus, to the extent that the plaintiff asserts a claim against the defendants based on their alleged noncompliance with the executive order, that claim fails.

With regard to the plaintiff's claim that the defendants have violated the HUD Occupancy Handbook, *see* Complaint at 4-5; Exh. 3, attached thereto, I can find no authority suggesting that an individual may bring suit to enforce the provisions of the HUD Occupancy Handbook. Rather, it appears that HUD handbooks are legally unenforceable. *See Thorpe v. Hous. Auth. of Durham*, 393 U.S. 268, 275 (1969) ("[T]he various handbooks and booklets issued by HUD contain mere instructions, technical suggestions, and items for consideration." (internal quotation marks omitted)); *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 704 F. Supp. 2d 177, 201 n.24 (E.D.N.Y. 2010) ("The Court notes that although helpful, the HUD Handbook is neither a statute nor a regulation, and has not been promulgated by HUD so as to give it the force of law."); *Bridgeport Towers, LLC v. Berrios*, No. BSRP079841, 2013 WL 6171376, at *2 (Conn. Super. Ct. Nov. 1, 2013) ("The common law of the United States has consistently held the HUD handbooks to be unenforceable as a matter of law."); *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 133 n.14 (S.D.N.Y. 2015) (collecting cases). Accordingly, the plaintiff's claim pursuant to the HUD Occupancy Handbook fails to state a claim for which relief may be granted.

Finally, in the time since I granted her application to proceed *in forma pauperis*, the plaintiff has filed a motion for summary judgment and what appears to be a supporting brief. *See* Motion for Summary Judgment (ECF No. 10); [Plaintiff]'s Brief (ECF No. 11). Because the plaintiff's motion for summary judgment and brief do not comply with Local Rule 56(h), they are **STRICKEN**. *See* Local Rule 56(h) ("[A] party intending to move for summary judgment shall file . . . either (1) a joint motion setting forth a proposed schedule agreed to by all the parties and confirming that all of the parties agree that a pre-filing conference with a judicial officer would not be helpful, or (2) a notice of intent to move for summary judgment, and the need for a pre-filing conference with a judicial officer."). The plaintiff has also filed what she styles as a motion for supplemental jurisdiction. *See* Motion for Supplemental Jurisdiction (ECF No. 9). Because it is not entirely clear to me how my recommendations might affect the plaintiff's motion for supplemental jurisdiction, the briefing on that motion is **STAYED** until the court acts on this recommended decision.

### IV. Conclusion

For the foregoing reasons, I recommend that the court (1) permit the plaintiff to proceed with her claims of disability discrimination and retaliation pursuant to federal and state fair housing laws; (2) **DISMISS** with prejudice the plaintiff's claims under the ADA, Exec. Order 12,898, 59 Fed. Reg. 7629, and the HUD Occupancy Handbook for irremediably failing to state a claim upon which relief may be granted; (3) **DISMISS** without prejudice the plaintiff's claim under 14 M.R.S.A. § 6021 (Westlaw) because it is conceivable that she may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein; and (4) **ENLARGE** the deadline for service of the complaint to 90 days from the date of the order accepting my recommendations.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 22nd day of November, 2021.

/s/ John H. Rich III
United States Magistrate Judge