## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| LORRAINE SAINT PIERRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 2:21-cv-00300-GZS |
| | ) | |
| NFG HOUSING PARTNERS LP et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON PENDING MOTIONS

Before the Court are two fully briefed motions:  Plaintiff's Motion for Supplemental Jurisdiction (ECF No. 17) and Plaintiff's Motion for Preliminary Injunction (ECF No. 18).  For the reasons explained herein, the Court DENIES both Motions.

Turning first to Plaintiff's Motion for Supplemental Jurisdiction, Plaintiff Lorraine Saint Pierre, who is appearing pro se, cites 28 U.S.C. § 1367 and Federal Rule of Civil Procedure 42(a) as grounds for this Court to assume jurisdiction over a related state court case:  *Saint Pierre v. Preservation Management, Inc.*, Maine District Court Docket No. PORDC-CV-19-386 (hereinafter, the "State Case").  Defendants urge the Court to construe Plaintiff's request as an attempt to remove an action from state court and deny this Motion.  (See generally Defs. Responses (ECF Nos. 16 & 20).)  The Court readily concludes that Plaintiff's attempt to remove her State Case is improper.  First, the applicable removal statute allows for removal by defendants only.  See 28 U.S.C. §§ 1441(a) & 1446(a).  Second, any request to remove the 2019 State Case at this point would be untimely under the removal statute.  See 28 U.S.C. § 1446(b) & (c).

Moreover, the Court takes judicial notice of the status of the State Case.  Plaintiff herself has provided the Court with two recent decisions in the State Case that seem to have resolved the matter

on the merits.  (See 1/14/22 Order on Pl. Mot. for Summ. J. & Defs. Cross-Mot. for Summ. J. (ECF No. 18-1) & 1/14/22 Order for Denial of All Other Pending Mots. (ECF No. 18-2).)  Given the apparent resolution of the State Case, it appears there is no live controversy that this Court might exercise jurisdiction over.  Rather, even if there were a procedural mechanism that allowed this Court to exercise supplemental jurisdiction over the State Case, Plaintiff would be precluded from relitigating here matters that were resolved in her State Case under the legal doctrine of res judicata. See Portland Water Dist. v. Town of Standish, 940 A.2d 1097, 1099 (Me. 2008) ("The doctrine of res judicata prevents the relitigation of matters already decided . . . . It consists of two components: issue preclusion and claim preclusion.").  As the Supreme Court has explained:

> Sometimes two different tribunals are asked to decide the same issue. When that happens, the decision of the first tribunal usually must be followed by the second, at least if the issue is really the same. Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time, and it encourages parties who lose before one tribunal to shop around for another.

B & B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 140 (2015);  see also Auritt v. Auritt, No. 2:18-cv-00471-DBH, 2021 WL 3856455, at *5 (D. Me. Aug. 30, 2021) (similarly quoting B & B Hardware).

Accordingly, the Court DENIES Plaintiff's Motion for Supplemental Jurisdiction.

Turning to Plaintiff's Motion for Preliminary Injunction (ECF No. 18), Plaintiff seeks an injunction that would "enjoin[ ] Preservation Management Inc. from taking any action to enforce the [State Case] judgment" until resolution of her Motion for Supplemental Jurisdiction. (Id., PageID # 281.)  Having now denied the Motion for Supplemental Jurisdiction, this Motion is MOOT.  However, the Court alternatively concludes that the request for preliminary injunctive relief fails on the merits.

"To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." Arborjet,

Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015).  Of these four factors, the likelihood of success plays "a pivotal role."  Largess v. Supreme Judicial Court, 373 F.3d 219, 223, n.2 (1st Cir. 2004);  see also Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007) (explaining that likelihood of success on the merits is considered the "most important part of the preliminary injunction assessment").

Defendants argue that Plaintiff's current request for injunctive relief must fail as a matter of law pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283.  (See Defs. Response (ECF No. 21), PageID # 293.)  The Court agrees.  Under the express terms of the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Here, none of the exceptions apply.  See, e.g., Sierra v. City of New York, 528 F. Supp. 2d 465, 468-69 (S.D.N.Y. 2008) (concluding that Anti-Injunction Act barred plaintiff's request to enjoin an eviction proceeding in state court).  Thus, the Court finds Plaintiff has no likelihood of success to the extent that she seeks injunctive relief that would in effect stay any judgment entered in the State Case.

Having ruled on Plaintiff's briefed motions, the Court considers two additional filings made by Plaintiff on March 17, 2022:  (1) an Amended Complaint (ECF No. 23) and (2) a Motion for Permanent Injunction (ECF No. 25).  With accompanying exhibits (ECF No. 24), these filings total 224 pages.

With respect to the Amended Complaint, the Court notes that Plaintiff filed her initial Complaint (ECF No. 1) on October 18, 2021.  While the Court previously extended the deadline for service of the Complaint until March 21, 2021, as of this date, Plaintiff still has not docketed proof of service.  Nonetheless, Defendants did file their Answer (ECF No. 13) on December 8, 2021, with an

attached certificate of service.[1] (See Ans., PageID # 128.)  As a result, the time for Plaintiff to amend her complaint as a matter of course has passed.  To amend her complaint at this point, Plaintiff must have "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Given Plaintiff's failure to comply with this Rule, the Court hereby STRIKES the Amended Complaint (ECF No. 23).[2]

Turning to the Motion for Permanent Injunction (ECF No. 25), the Court notes that the majority of this filing is a verbatim recitation of the counts in Plaintiff's Amended Complaint. (Compare Pl. Mot. for Permanent Injunction (ECF No. 25), PageID #s 505-22, with Am. Compl., PageID #s 314-331.)  The remainder of this filing provides factual narrative, much of which is supported by the exhibits that Plaintiff provided along with this filing.  (See generally Additional Attachments (ECF No. 24).)  However, the Court finds no basis in this filing or the accompanying exhibits to presently award Plaintiff a "permanent mandatory injunction."  (Pl. Mot., PageID # 486.) Therefore, the Court hereby DENIES Plaintiff's Motion for Permanent Injunction but notes that this denial is without prejudice to Plaintiff renewing a request for an injunctive remedy if she ultimately succeeds on her claims.

Having thoroughly reviewed and addressed all of Plaintiff's pending motions and recent filings, the Court is concerned that Ms. Saint Pierre continues to make duplicate and overlapping filings that delay and distract the Court from reaching the merits of her claims.[3]  The Court reminds

---

[1] Given Defendants' Answer and appearance, it is apparent that they have received the Complaint.  Thus, the Court excuses Plaintiff's failure to file a proof of service and terminates any pending deadline for proof of service.  However, Plaintiff is reminded that all future filings must be served on Defendants' counsel and that she is required to certify service with all of her filings.

[2] This ruling does not foreclose Plaintiff from filing a motion to amend her complaint with a proposed amended complaint attached.  However, any such proposed amended complaint should not seek to add claims that the Court has already dismissed in its prior orders.  See 11/22/21 Recommended Decision (ECF No. 12), PageID # 124 & 12/20/21 Ordering Affirming Recommended Decision (ECF No. 15), PageID # 132 (dismissing Plaintiff's claim under the ADA, the Maine implied warranty of habitability statute, the HUD handbook, and Exec. Order 12,898).

[3] In this respect, the Court concurs with Maine District Court Judge Darvin's observations in the State Case.  See 1/14/22 Order (ECF No. 18-1), PageID # 284.

both sides that this case is presently proceeding on claims of disability discrimination and retaliation pursuant to federal and state housing laws.  (See 11/22/21 Recommended Decision (ECF No. 12), PageID # 124 & 12/20/21 Order Affirming Recommended Decision (ECF No. 15), PageID # 132.) This Court has previously provided Saint Pierre a Cok warning in connection with her repeated attempts to remove state court eviction proceedings.  See NFG Hous. Partners, L.P. v. Saint Pierre, No. 2:22-cv-00011-GZS, 2022 WL 409069, at *1 (D. Me. Feb. 10, 2022) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir. 1993)).  Expanding on this earlier warning, the Court reminds Ms. Saint Pierre that duplicative filings and attempts to relitigate matters already decided in the overlapping state court cases wastes judicial resources and unnecessarily delays the resolution of matters within this Court's jurisdiction.

For the reasons just given, the Court hereby DENIES Plaintiff's Motion for Supplemental Jurisdiction (ECF No. 17) and Plaintiff's Motion for Preliminary Injunction (ECF No. 18).  The Court also DENIES WITHOUT PREJUDICE Plaintiff's Motion for Permanent Injunction (ECF No. 25). Finally, the Court STRIKES the Amended Complaint (ECF No. 23).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 24th day of March, 2022.