UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LORRAINE SAINT PIERRE,<br><br>           Plaintiff,<br><br>v.<br><br>NFG HOUSING PARTNERS LP et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Docket no. 2:21-cv-00300-GZS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO AMEND THE
COMPLAINT TO ADD DEMAND FOR JURY TRIAL

Before the Court is Plaintiff Lorraine Saint Pierre's Motion to Amend the Complaint to Add Demand for a Jury Trial (ECF No. 36). Having reviewed the Motion and the related filings of both parties (ECF Nos. 36-38), the Court DENIES the Motion for the reasons stated herein.

Under Federal Rule of Civil Procedure 38(b), Plaintiff was entitled to demand a jury trial on any issue in her Complaint (ECF No. 1) that is "triable of right by a jury"[1] by: (1) serving Defendants NFG Housing Partners LP and Preservation Management Inc. "with a written demand . . . no later than 14 days after" Defendants served their Answer; and (2) "filing the demand in accordance with Rule 5(d)." See Fed. R. Civ. P. 38(b). Plaintiff filed a pro se Complaint (ECF No. 1) on October 18, 2021, and Defendants filed their joint Answer (ECF No. 13) on December 8, 2021. Neither pleading included a demand for a jury trial. Because Defendants filed their Answer on December 8, 2021, Plaintiff's deadline to file and serve upon Defendants a jury trial

---

[1] For purposes of the present Motion, the Court follows the parties' lead in assuming that Plaintiff's remaining claims, which consist of disability discrimination and retaliation under federal and state fair housing laws, include claims for relief that could be tried to a jury. See 12/20/21 Order Affirming Rec. Dec. (ECF No. 15), PageID # 132 (delineating the claims that remain).

demand was December 22, 2021.  See Fed. R. Civ. P. 38(b).  Plaintiff therefore waived her right to a jury trial by failing to timely bring her demand.  See Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").[2]

Invoking Federal Rule of Civil Procedure 39, Plaintiff now seeks the Court's leave to amend the Complaint to add a demand for a jury trial.  (See Mot. (ECF No. 36), PageID # 571.)  In her Motion, Plaintiff concedes that her demand for a jury trial is "untimely" but maintains that "courts have granted untimely requests for [a] jury trial."  (Id.)  By way of example, she cites to Johnson v. Dalton, 57 F. Supp. 2d 958 (C.D. Cal. 1999), where the court considered an untimely jury trial demand and explained that "adopting a flexible approach to Rule 39 comports with the general intent behind the Federal Rules of Civil Procedure."  See id. at 961.[3]  Plaintiff does not cite to any other caselaw in support of her Motion.

Defendants oppose the Motion, noting that Plaintiff has brought a "jury demand more than six months after the deadline for doing so expired" and without any "explanation for the lateness of her request" or suggestion of the "basis on which the Court should exercise its discretion under [Rule] 39(b) to order this case tried to a jury."  (See Defs. Response (ECF No. 37), PageID # 575.)  Defendants also assert that, "[t]o the extent the failure to demand a jury was an oversight," the Court's Scheduling Order (ECF No. 27), dated March 24, 2022, noted that no jury trial demand

---

[2] According to Plaintiff's Motion, the only amendment to the Complaint she seeks is the addition of a jury trial demand.  Because her proposed amendment would not raise any new issues, it would not revive her waived right to a jury trial.  See Bonney v. Canadian Nat. Ry. Co., 100 F.R.D. 388, 390 n. 1 (D. Me. 1983) ("[T]he rule in this District is that a previously waived right to a jury trial is not revived by an amended or supplemental pleading that does not raise new issues.").

[3] In Johnson, the court denied the defendant's motion to strike the plaintiff's jury trial demand, noting (inter alia) that the "demand, while untimely, does not prejudice defendant," as it "was made only a few months late" and "[t]rial is still many months away."  Id., 57 F. Supp. 2d at 961.  Here, Plaintiff seeks to amend the Complaint nearly seven months after the deadline to demand a jury trial passed, and the case is set to "be ready for trial by November 1, 2022."  See Sch. Ord. (ECF No. 27), PageID # 533 (emphasis omitted).  Additionally, the deadline to complete discovery has passed.  See id., PageID # 532.

had been made and therefore put Plaintiff "on notice" at that time. (See Defs. Response, PageID # 575.)

Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Nonetheless, on the record presented, the Court declines to exercise the discretion afforded by Rule 39(b) to belatedly add a jury demand to this case. In general, courts consider "various factors" when exercising the "very broad" discretion afforded by Rule 39, including:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

T G Plastics Trading Co. v. Toray Plastics, Inc., 775 F.3d 31, 36 (1st Cir. 2014) (describing the Rule 39(b) inquiry as a "highly fact-specific endeavor"). Notably, Plaintiff's Motion under Rule 39(b) fails to address any of these factors. Plaintiff's Reply (ECF No. 38) touches on the last factor and explains that the reason for her delay was that, over the past several months, "her time [has been] spent coping with [] Defendants' attempts to stop this case from going forward." (See id., PageID # 579.)[4] The Court, while sensitive to Plaintiff's pro se status and recent housing difficulties,[5] does not find this to be a sufficient reason to allow a jury trial at this point in the case. Even if the Court were to conclude that Plaintiff's reason for her delay was compelling and find no disruption of the Court's schedule, the other factors weigh in favor of denying the Motion.

---

[4] More specifically, Plaintiff alleges that Defendants have "tamper[ed] with her mail," "entered her apartment while she lay sleeping in bed to gather evidence," and evicted her (leaving her homeless "for five days"). Id., PageID # 578-79. Despite these difficulties, the Court notes that Plaintiff managed to find time to submit a number of other filings in this case. See, e.g., ECF Nos. 17-19, 23-25, 28, 30 & 32.

[5] "While pro se litigants are not exempt from procedural rules, courts are solicitous of the obstacles that they face." Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000).

First, Plaintiff's delay is considerable, having requested a jury trial nearly seven months past the deadline to make a jury trial demand. Second, it does not appear that this case involves "issues that are uniquely capable of determination by a jury." See Pastula v. Lane Const. Corp., No. CIV. 1:05-133-W, 2006 WL 462350, at *3 (D. Me. Feb. 23, 2006). Lastly, Defendants would be prejudiced because discovery was completed based "upon the fact that jury trial had been waived." Id. Thus, Defendants have not prepared to face the expenses and delays associated with a jury trial, particularly as the Court continues to operate with some pandemic-related restrictions.

For the reasons stated, the Court hereby DENIES Plaintiff's Motion (ECF No. 36).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of August, 2022.