UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LORRAINE SAINT PIERRE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NFG HOUSING PARTNERS LP & )<br>PRESERVATION MANAGEMENT INC., )<br>)<br>)<br>Defendants. ) | Docket no. 2:21-cv-00300-GZS |

**ORDER REGARDING SUMMARY JUDGMENT BRIEFING**

On August 16, 2022, Defendants filed their Notice of Intent to File Motion for Summary Judgment and Need for Pre-Filing Conference (ECF No. 44). This filing prompted the docketing of the Court's Procedural Order (ECF No. 49) on August 24, 2022. That same day, the Court received and docketed Plaintiff's Notice of Motion & Motion to Dismiss for Insufficient Process (ECF No. 50). The Court has reviewed this Motion, along with the related filings (ECF Nos. 52 & 55). While Plaintiff appears to ask this Court to dismiss Defendants' August 16th Notice on the basis of insufficient service, the Court concludes that Plaintiff received the required service of this Notice in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and, in any event, suffered no prejudice. Rather, Plaintiff's filings (ECF Nos. 50, 54 & 56) reflect that she has had the opportunity to review and respond to Defendants' Notice as well as their Memorandum (ECF No. 53). Therefore, the Court hereby DENIES Plaintiff's Motion to Dismiss (ECF No. 50).

Turning to the issue of summary judgment briefing, the Court has reviewed the Preconference Memoranda received from both sides (ECF Nos. 53, 54 & 56). Having reviewed

these filings, the Court concludes that no pre-filing conference is necessary and hereby ORDERS that the following procedure be followed in connection with the to-be-filed motion:

On or before **November 1, 2022**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF.  The first page of the Stipulated Record shall consist of a list describing each exhibit submitted.  Each exhibit shall then be clearly labeled and separately attached to this filing.  The Stipulated Record may include any exhibits and depositions[1] (including any exhibits to the depositions) that both sides agree will be referenced in the statements of material fact.  The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document.  Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact.  The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for the purposes of the to-be-filed summary judgment motion.  See D. Me. Local Rule 56(g).  Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact.  The parties are free to submit any stipulations on or before **November 9, 2022**.

On or before **November 9, 2022**, Defendants shall file their outlined motion for summary judgment.  The motion for summary judgment shall not exceed twenty (20) pages.  In addition to filing this Motion via CM/ECF, the Court ORDERS Defendants to mail a courtesy copy of their complete summary judgment filing, along with any stipulated record and other supporting exhibits,

---

[1] To the extent any depositions are filed, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages.  In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record.

2

to Plaintiff at the mailing address listed on the docket. Defendants shall file a certificate of service that reflects compliance with this mailing requirement.[2]

On or before **December 9, 2022**, Plaintiff shall file her opposition to the pending motion for summary judgment. This response shall not exceed twenty (20) pages.

On or before **December 23, 2022**, Defendants shall file their reply in support of Defendants' motion for summary judgment, which shall not exceed fifteen (15) pages. As with their initial motion papers, the Court ORDERS Defendants to mail a courtesy copy of their reply filing to Plaintiff and file a certificate of service that reflects compliance with this mailing requirement.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Absent prior court approval, Defendants' statement of material facts shall not exceed fifty (50) paragraphs. Any additional statement of material facts by Plaintiff shall not exceed fifty (50) paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the joint record for a specific citation or any previously docketed exhibits, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF No. 27), it appears that the only deadlines that may remain after the anticipated motion for summary judgment is the ready for trial deadline and any trial-related motions deadlines. These deadlines shall remain stayed until the

---

[2] The Court recognizes that such a mailing is not required by Fed. R. Civ. P. 5 as long as Plaintiff remains a registered CM/ECF user. However, in light of Plaintiff's acknowledged difficulties with accessing the filings, the Court orders the mailing of a courtesy copy of this dispositive motion to facilitate the briefing process. See Pl. Reply (ECF No. 55), PageID # 665.

4

Court issues its ruling on the motion for summary judgment. To the extent that issues remain for trial after the motion for summary judgment is decided, the Court anticipates that this case will be placed on the next available trial list following the Court's summary judgment decision and that pre-trial motions shall, to the extent practicable, be filed prior to any final pretrial conference.

      SO ORDERED.

                                          /s/ George Z. Singal  
                                          United States District Judge

Dated this 12th day of October, 2022.